## THE GRANITE BANK *versus* OLIVER AYERS

The holder of the promissory note of a firm, presented it for payment, at their last place of business in Boston, which was then occupied by strangers, and was there told, that the firm had failed and that the partners had gone out of town without leaving any funds; and no inquiry was made by the holder in relation to them, except at that place, although in fact one of the firm lived in Boston, and his name and place of residence were in the city directory. It was *held*, in an action against an indorser, that this was not a sufficient demand of payment.

A notice of the non-payment of a note was brought by a notary, on the day when the note became due, to the shop of a stranger, who informed the notary, that the indorser's place of business was behind such shop and that he had gone out of town, and promised to give the notice to him so soon as he should see him. The notary thereupon left the notice on the counter of the shop, and on the next day or the day after, the indorser took the notice away. *It seems*, that this was not a sufficient notice to the indorser.

ASSUMPSIT on a promissory note, dated October 9, 1833, for the sum of $254, made by Samuel Poor & Co., payable to the defendant, or his order, in four months, and indorsed by him to the plaintiffs.

The trial was before *Wilde* J.

Thomas A. Dexter, who was called as a witness by the plaintiff, testified, that on February 12, 1834, the note was delivered to him as a notary public ; that he called at the last place of business of the makers, and demanded payment of the note, but was told that they had failed and gone out of town without leaving any funds ; that he then made out a notice and went to the defendant's place of business ; that he went into a shoe shop and inquired for the defendant, and was told, that he had gone out of town ; that he was then satisfied, that such shop was at that time or had recently been the defendant's place of business ; and that he left the notice on the counter. It appeared, that the makers had in fact failed and

given up their place of business ; and that it had been let to strangers, between whom and the makers there was no privity.

Ira Goddard testified, that some one brought a notice for the defendant and left it with him at his place of business ; that he told the person who brought the notice, that it was not the defendant's place of business, but that the defendant had one back of the shop in which the witness then was, and up the yard ; that the witness promised to give the notice to the defendant so soon as he should see him ; that on the next day or the day after, the witness told the defendant that there was a notice for him in his shop ; and that the defendant came and took the notice away with him.

By the Boston Directory, it appeared, that the firm of Poor & Co. consisted of Poor and Abner Breeden ; and by referring to the name of Breeden, it would have been found that he had a domicil in Boston. In point of fact Poor lived in Charlestown, and Breeden in Boston.

If upon this evidence the Court should be of opinion, that the plaintiffs were entitled to recover, judgment was to be rendered in their favor ; if otherwise, they were to become nonsuit.

*C. G. Loring*, for the plaintiffs, to the point, that the presentment to the makers and the demand of payment were sufficient, cited *Shed* v. *Brett*, 1 Pick. 413 ; *Widgery* v. *Munroe*, 6 Mass. R. 449 ; *Putnam* v. *Sullivan*, 4 Mass. R. 45 ; *Howe* v. *Bowes*, 16 East, 112 ; *Stewart* v. *Eden*, 2 Caines's R. 121. *March 28th.*

*S. D. Parker*, for the defendant, to the same point, cited Bayley on Bills, 124 *et seq.*, 196 ; *Beveridge* v. *Burgis*, 3 Campb. 262 ; *Freeman* v. *Boynton*, 7 Mass. R. 483 ; *Bond* v. *Farnham*, 5 Mass. R. 170 ; Chitty on Bills, 180 *et seq.*

SHAW C. J. delivered the opinion of the Court. It is extremely doubtful, if it were necessary to decide the case upon that ground, whether the plaintiffs would not fail on the ground of want of sufficient notice to the defendant as indorser, of the non-payment of this note by the promisor on presentment. It appears, that though the defendant had a place of business, the notice was not left at that place, but at *April 4th*

Granite
Bank
v.
Ayers.

the shop of a neighbour. The excuse is, that on the day the notice was thus left, the defendant was out of town, and that he received the notice the next day, or the day after. Now though a man is out of town, yet if he has a domicil, or place of business, it is to be presumed, that he will leave some person charged with the care of his business, or at least some one between whom and himself there is a privity or confidence. It is upon this principle, that all notices at one's domicil, and all notices respecting transactions of a commercial nature at one's known place of business, are deemed in law to be good constructive notice and to have the legal effect of actual notice.

But we have not thought it necessary to go more at large into that part of the case, because we are all of opinion, that the evidence proves no sufficient presentment of the note to the promisors, and demand of payment of them.

The firm of Poor & Co. consisted of Poor and Breeden. They had failed and given up their place of business, and the same place had been let to strangers, between whom and Poor & Co. there was no privity ; and no inquiry was made except at that place ; and there the notary was informed, that Poor & Co. had failed and gone out of town. But the information was not correct. By referring to the name of Samuel Poor & Co. in the Directory, it would have been found that Breeden was the partner indicated by the word "Co."; and by reference to the name of Breeden, it would have been found that he had a domicil in town ; and it is now found that he was in fact residing in town.

It is no excuse for want of such presentment and demand, that the promisors had failed. As the plaintiffs cannot recover without proof of demand and notice, or some fact which will excuse the want of a demand, and as the proof fails of showing any demand or any legal excuse for the want of it, the plaintiffs are not entitled to recover.

*Plaintiffs nonsuit.*